IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

FILED BY ___ D.C.

05 SEP -7 PM 5: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE MATTER OF THE COMPLAINT OF
WEPFER MARINE, INC.
FOR EXONERATION FROM
OR LIMITATION OF LIABILITY

CAUSE NO. 03-CV-2202-BA

IN ADMIRALTY

## AGREED FINAL DECREE OF EXONERATION FROM LIABILITY

WHEREAS, on or about April 3, 2003, a Complaint seeking exoneration from or limitation of liability was filed in this Court regarding an incident that occurred on March 13, 2002 that resulted in an injury to Jose Ramon Gonzalez while he was employed by Robinson Maintenance, Inc., (Robinson), and was in the process of breaking Barge ET 715 owned by Wepfer Marine, Inc. (Wepfer,) at a drydock owned by Wepfer, at which time Wepfer's Crane Barge No. 1 was being utilized by Robinson in connection with the barge breaking task.

WHEREAS, an Ad Interim Stipulation for Barge ET 715 and the Crane Barge No. 1 in the amount of $15,200 was filed with this Court; and

WHEREAS, an Order Directing Issuance of Notice and Restraining Suits was duly entered by this Court; and

WHEREAS, the aforesaid Order directed that all persons claiming damage arising out of or occurring by reason of the casualty of March 13, 2002 appear before this Court and make proof to their respective claims on or before June 30, 2003; and

WHEREAS, Jose Ramon Gonzalez and Kimberlee Gonzalez filed an answer denying the essential elements of the complaint and a joint claim before this Court seeking damages in excess of $16,000,000; and

WHEREAS, Liberty Mutual Insurance Co. filed an Answer denying the essential elements of the Complaint and filed a Claim seeking recovery of all monies it paid in Longshore and Harbor

Workers benefits to Jose Ramon Gonzalez and attorney's fees; and

WHEREAS, the time for filing claims against Plaintiff has expired; and

WHEREAS, this action having come before the Court on the Plaintiff's Complaint with all claims having been resolved, compromised and/or settled, withdrawn, and dismissed with prejudice, and all Answers having been withdrawn; and

WHEREAS, it now appears from the Complaint that the aforesaid incident and casualties were not caused by the design, personal faults, negligence, want of due care or carelessness of Wepfer or by anyone for whom Wepfer was responsible, or as a result of the unseaworthiness of the Barge ET 715 or the No. 1 Crane Barge or any equipment or property of Wepfer and that the said incident and casualties occurred without the privity or knowledge of the Plaintiff or anyone for whom the Plaintiff was responsible.

NOW THEREFORE, the Court having been fully advised of the premises, it is hereby ordered, adjudged and decreed:

1. That the incident described in the Complaint for exoneration from and/or limitation of liability was not caused by the design, personal faults, negligence, want of due care, or carelessness of Wepfer, or on the part of anyone for whom Wepfer was responsible, and did not occur within the privity or knowledge of Wepfer or anyone for whom Wepfer was responsible; and

2. That the Barge ET 715 and the No. 1 Crane Barge and any equipment or property of Wepfer were at all times pertinent hereto, tight, strong, staunch and in all respects seaworthy; and

3. That the Plaintiff Wepfer Marine, Inc. is hereby exonerated and discharged from all injuries, loss, or damage of any kind arising from or growing out of said occurrence, and that the Ad Interim Stipulation for value, with its attached bond heretofore filed, is hereby discharged; and

4. That all persons or entities who did not file claims as ordered by this Court are defaulted and forever barred from bringing any action against Plaintiff or its respective agents,

servants, employees, affiliated, subsidiary or parent companies, and their respective underwriters at interest, arising directly or indirectly from the casualty of March 13, 2002.

*/s/*

GOLDSTEIN and PRICE, L.C.
Gary T. Sacks
One Memorial Drive - Suite 1000
St. Louis, Missouri 63102
(314) 421-0710
(314) 421-2832 facsimile

and

APPERSON, CRUMP & MAXWELL, PLC
And Louis Jay Miller (TN BPR #5418)
6000 Poplar Ave, Suite 400
Memphis, TN 38119-3972
(901) 756-6300
(901) 757-1296 facsimile
**ATTORNEYS FOR WEPFER MARINE, INC.**

*/s/*

Mr. John R. Smith
5100 Poplar Avenue
Suite 2515, Clark Tower
Memphis, TN 38103
(901) 761-1010 Telephone
(901) 761-1057 Telecopier
**ATTORNEYS FOR JOSE RAMON GONZALEZ
AND KIMBERLEE GONZALEZ**

SO ORDERED:

_____
United States District Judge
Dated: 9/7/05

*/s/*

Thomas C. Fitzhugh III
FITZHUGH & ELLIOTT, P.C.
12727 Kimberley Lane, Suite 302
Houston, Texas 77002
(713) 465-7395 Telephone
(713) 465-0845 Telecopier
**ATTORNEYS FOR LIBERTY MUTUAL
INSURANCE COMPANY**

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 75 in case 2:03-CV-02202 was distributed by fax, mail, or direct printing on September 8, 2005 to the parties listed.

---

Louis J. Miller
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Derrick S. Kirby
GOLDSTEIN & PRICE
One Memorial Drive
Ste. 1000
St. Louis, MO 63102

Thomas C. Fitzhugh
FITZHUGH & ELLIOTT PC
12727 Kimberley Lane
Ste. 302
Houston, TX 77024

Matthew H. Ammerman
FITZHUGH & ELLIOTT PC
12727 Kimberley Lane
Ste. 302
Houston, TX 77024

John R. Smith
BROWN BRASHER & SMITH
5100 Poplar Avenue
Ste. 2515
Memphis, TN 38137--251

Gary T. Sacks
GOLDSTEIN & PRICE
One Memorial Drive
Ste. 1000
St. Louis, MO 63102

Honorable J. Breen
US DISTRICT COURT